J-A04025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID A. CALHOUN, | : | |
| | : | |
| Appellant | : | No. 417 EDA 2018 |

Appeal from the PCRA Order, January 16, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0601371-2000.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and COLINS,* J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 29, 2019**

David A. Calhoun appeals *pro se* from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A.  §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> [Calhoun] was arrested and subsequently charged in connection with selling narcotics with Silvino Macasieb in Philadelphia in 2000.  On June 11, 2002, [Calhoun] entered a plea of nolo contendere before the Honorable Carolyn Engel Temin to two counts of possession with intent to deliver a controlled substance, criminal conspiracy, and possession of an instrument of crime.  On the same date [Calhoun] was sentenced to three to six years [of] incarceration.  No direct appeal was filed.

> On December 28, 2005, [Calhoun] filed his first *pro se* PCRA petition seeking credit for time served.  Counsel was appointed and the PCRA court subsequently granted relief by agreement on December 15, 2006.  [Calhoun] was

*Retired Senior Judge assigned to the Superior Court.

awarded credit for time served from January 31, 2000 to February 24, 2000.

On June 29, 2005, [Calhoun] was indicted in the United States District Court for the Eastern District of Pennsylvania on federal drug charges. ***See United States v. Calhoun***, 2012 WL 2467010 (E.D. Pa. June 28, 2012). On April 20, 2006, following a jury trial before the Honorable Marvin Katz, the jury found [Calhoun] guilty on all counts charged. On August 11, 2006, [Calhoun] was sentenced to twenty years [of] imprisonment, followed by ten years of supervised release.

On September 14, 2014, [Calhoun] filed the instant *pro se* collateral petition, his second. [Calhoun] also submitted a supplemental PCRA petition which was reviewed jointly with his [2014] petition. Pursuant to [Pa.R.Crim.P.] 907, [Calhoun] was served notice of the PCRA court's intention to dismiss the petition on December 15, 2017. [Calhoun] submitted a response to the Rule 907 notice on December 26, 2017. On January 16, 2018, the PCRA court dismissed his PCRA petition as untimely.

PCRA Court Opinion, 4/26/18, at 1-2 (footnote omitted). This appeal followed.

The PCRA court did not require Pa.R.A.P. 1925 compliance.

Calhoun raises the following issues:

1. Are post-conviction motions that do <u>not</u> challenge either Calhoun's sentence or his conviction subject to the timeliness requirements of the PCRA?

2. Is Calhoun's "Motion to Correct Trial Record" not cognizable under the PCRA and therefore not subject to the PCRA's timeliness requirements?

3. Where the record reflects that Calhoun had never tendered a guilty plea, should the trial court have corrected the docket entries to reflect the correct dispositions of "nolo contendere" as opposed to allowing said fields to currently list dispositions of "Guilty Plea?"

4. Where the only disposition resulted from "nolo contendere" should the trial court have struck from the record that adjudication of "guilty?"

*See* Calhoun's Brief at 1.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Before addressing the merits of Ross's substantive claims on appeal, we must first address his assertion that the PCRA court wrongfully treated his 2014 "Petition for Writ of Error Coram Nobis" under the PCRA.[1] Our Supreme Court "has consistently held that, pursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only

---

[1] Within his brief, Calhoun re-characterizes this petition as a "Motion to Correct Trial Record." Although the docket sheet indicates that this is how the filing was recorded, the actual petition is one for a writ of error coram nobis. Nevertheless, Calhoun's request to correct the record is of no significance, since Pennsylvania case law is well settled that a plea of *nolo contendere* is equivalent to and treated the same as a guilty plea in terms of its effect upon the particular case. ***See***, ***e.g.***, ***Commonwealth v. Leidig***, 956 A.2d 399, 401 (Pa. 2008).

Moreover, our review of Calhoun's supplemental PCRA petition filed on July 26, 2017, readily indicates that Calhoun actually sees to challenge the voluntariness of his 2002 *nolo contendere* plea, which was used to enhance his federal sentence.

method of obtaining collateral review. *See Commonwealth v. Descardes*, 136 A.3d 493, 497-98 (Pa. 2016) (explaining the PCRA subsumes the remedies of habeas corpus and coram nobis). Calhoun's challenge to the voluntariness of his guilty plea, *see* n.1, is clearly cognizable under the PCRA. Therefore, his characterization of his 2014 filing as a petition for coram nobis relief is incorrect. The PCRA court correctly treated the motion as a PCRA petition.

Next, we consider whether Calhoun's serial petition was timely filed. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2]

---

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

- 4 -

42 Pa.C.S.A. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Hernandez*, 79 A.3d 651-52 (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).[3] Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, Calhoun's judgment of sentence became final on July 11, 2002, when the time for filing an appeal to this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, Calhoun had until July 11, 2003, to file a timely PCRA petition. As he filed the petition at issue in 2014, it is untimely unless Calhoun has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

_____

of Pennsylvania after the time period provided in this section and
has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[3] Our legislature recently amended this section of the PCRA to provide petitioners one year to file a petition invoking a time-bar exception. *See* Act of 2018, October 24, P.L. 894, No. 146. This amendment does not apply to Calhoun's serial petition.

Calhoun has failed to acknowledge, let alone establish, any exception to the PCRA's time bar. Instead, he argues that he is entitled to relief via a coram nobis petition, which provides an avenue for post-conviction relief outside the parameters of the PCRA. As noted above, well-settled case law holds otherwise. *See Descardes*, *supra*.

As such, the PCRA court correctly concluded that it lacked jurisdiction, and we affirm the court's order denying Calhoun post-conviction relief.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/19

---

[4] Additionally, our review of the record supports the PCRA court's alternative conclusion that Calhoun is ineligible for relief under the PCRA because he did not establish that he is currently serving the sentence for which he entered his *nolo contendere* plea. **See** PCRA Court Opinion, 4/26/18, at 2; ***Descardes***, ***supra***.